Case 2:24-cv-00031   Document 22   Filed on 08/08/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00031 |
| | § | |
| PATRICK FLANAGAN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, James Gray, currently incarcerated at the Garza West Unit, proceeding *pro se*, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 18). Petitioner has failed to file a response which is taken as a representation of no opposition to the present motion pursuant to the local rules. After considering the pleadings and relief sought by Petitioner, the undersigned **RECOMMENDS** Respondent's Motion for Summary Judgment (D.E. 18) be **GRANTED** and the petition be **DISMISSED** without prejudice as Petitioner has not exhausted his claims in state court. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.[1]

**I.      JURISDICTION**

---

[1] Also pending is Respondent's Motion to Substitute. (D.E. 16). This Motion is **GRANTED** as Petitioner is in the custody of the Texas Department of Criminal Justice.

1 / 6

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted and is housed within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6). This case was referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. BACKGROUND

On October 4, 2022, Petitioner pled guilty to the offense of burglary of a habitation and was sentenced to thirty-five (35) years confinement. (D.E. 15, Pages 8-12). Petitioner appealed his sentence,[2] which was affirmed by the Court of Appeals for the Thirteenth District of Texas on January 11, 2024. (D.E. 1, Page 2; D.E. 14-11 and D.E. 14-12). Petitioner did not file a petition for discretionary review ("PDR") to the Texas Court of Criminal Appeals ("CCA"). (D.E. 1, Pages 2-3 and D.E. 15, Page 40). Petitioner did not file a state habeas application. (D.E. 1, Pages 3-5 and D.E. 15, Page 42). The pending petition was filed in this Court on January 19, 2024. (D.E. 1, Page 8); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (For AEDPA limitations, a federal habeas petition is filed on the date a petitioner delivers it to prison authorities for mailing).

## III. PETITIONER'S ALLEGATIONS

---

[2]Petitioner's appeal challenged the restitution provided in his sentence. Petitioner claims he raised the issues set forth in his federal habeas petition to his attorney, but his attorney did not raise them. (D.E. 1, Pages 2 and 7 and D.E. 14-7, Pages 10-14).

Petitioner alleges he was denied due process; he was denied the ability to challenge the array at the time the grand jury was impaneled; he was denied equal protection and he was sentenced twice and therefore subjected to cruel and unusual punishment. (D.E. 1, Pages 6-7).

## IV. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). In Texas, all claims, either in a PDR or a state application for writ of habeas corpus, must be presented to the CCA. *Berkley v. Quarterman*, 310 F. App'x 665, 671 (5th Cir. 2009); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz*, 460 F.3d at 643 (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)).

The Supreme Court has found that the failure to exhaust state remedies is excused pursuant to 28 U.S.C. § 2254(b)(1)(B) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam) (citation omitted).

Here, Petitioner did not present his claims to the CCA because he did not file a PDR or state habeas petition. Therefore, the CCA has not had an opportunity to review the claims

raised in this federal petition and the interests of comity are best served in this case by Texas courts having an opportunity to consider them. *Richardson*, 762 F.2d at 430-31. Petitioner provides no sufficient reason why his failure to exhaust should be excused. 28 U.S.C. § 2254(b)(1)(B) (Providing relief on unexhausted claims when no state process is available or such process is ineffective to protect Petitioner's rights). Petitioner does not assert that no state remedies are available or that it would be futile to pursue state remedies. As a result, it is respectfully recommended that Petitioner has failed to exhaust his legal remedies in state court and his petition should be dismissed without prejudice.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a Certificate of Appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under §

2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended that Petitioner does not demonstrate these standards. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with the case, it is further recommended the COA be denied because he has not made the necessary showing for issuance.

## VI. RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that Respondent's Motion for Summary Judgment (D.E. 18) be **GRANTED** and his petition should be **DISMISSED** without prejudice as Petitioner has failed to exhaust his legal remedies in state court. It is further **RECOMMENDED** that a Certificate of Appealability be **DENIED**.

ORDERED on August 8, 2024.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).